# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 5:06-CV-386(CAR) |
| | : | |
| $13,970.00 IN UNITED STATES CURRENCY, | : | |
| | : | |
| Defendant . | : | |
| | : | |

## ORDER ON MOTION TO STRIKE ANSWER

Currently before the Court is the Government's Motion to Strike the Answer filed by the Thomas Lee Jones, Jr. ("Claimant"). Claimant has not filed a response to the Motion. For the reasons set forth below, the Government's Motion to Strike Answer [Doc. 14] is **GRANTED**. In light of such disposition, the other pending motion in this case, the Government's Motion for Extension of Time to File the Proposed Scheduling and Discovery Order [Doc. 17], is **DENIED as moot**.

### BACKGROUND

On November 9, 2006, the Government filed a Verified Complaint for Forfeiture alleging that the defendant funds are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), as property constituting a thing or value furnished or intended to be furnished in exchange for controlled substances, in violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801, et seq. On November 15, 2006, the Government directly served Claimant, through his counsel, with copies of the Notice of Forfeiture, Verified Complaint for Forfeiture, Warrant of Arrest in Rem, Motion for Service by Publication, and Proposed Order for Publication, by certified mail. The

Notice of Forfeiture ("Notice") clearly informed Claimant of his obligation to file a verified claim to the property, also known as a "statement of interest," within 30 days of service. The Notice stated:

> If you claim to have ownership of, any right in or to, or any lien upon the defendant property, you must file a verified statement of interest pursuant to 18 U.S.C. § 983(a)(4)(A) and Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. The statement of interest must be verified on oath and must identify the claimant's interest in the property. . . . **The statement of interest must be filed within thirty (30) days after service of the complaint** or the final date of publication, whichever is earlier, or within such additional time as the Court may allow.
> You must also file an answer to the verified complaint within twenty (20) days after the filing of your statement of interest. . . .
> If no person or entity files a statement of interest and an answer, the plaintiff will seek and the Court may enter a final judgment forfeiting the defendant property in accordance with the law.

(emphasis added).

Accordingly, Claimant's statement of interest or verified claim to the property was due on December 15, 2006, that being the date that was thirty (30) days after service of the Complaint. Claimant, however, did not file a verified claim. Instead, on December 27, 2006, Claimant, through his attorney, filed an Answer. After receiving Claimant's Answer, the Government sent a letter to Claimant's counsel advising counsel that "a claim verified by the claimant should precede the answer." The government further informed Claimant's counsel that "[m]any lawyers do not understand that [a verified claim should precede the answer], and [that the Government] will have no objection to [counsel] filing one out of turn."

Despite the Government's advice, as of the date of this Order, Claimant has not filed a verified claim to the defendant property.

In the uncontested motion currently before the Court, the Government contends that

2

because Claimant's Answer was not preceded by a verified claim, Claimant lacks the requisite statutory standing to assert a claim in this forfeiture action, and therefore the Court should strike the Answer. The Court agrees and now turns to the merits of the Government's contention.

**DISCUSSION**

To proceed in a forfeiture action, a claimant must establish not only that he has Article III standing, but he must also establish that he has statutory standing, establishing that he satisfies the applicable statutory requirements of 18 U.S.C. § 983.[1] See, e.g., United States v. $38,000.00 in U.S. Currency, 816 F.2d 1538, 1544 (11th Cir. 1987). Thus, statutory standing is a "threshold issue" that a claimant must establish to contest the forfeiture of the defendant property. Id.

In order to have statutory standing in a forfeiture action, the claimant, in accordance with 18 U.S.C. § 983(a)(4)(A), must file a verified claim to the property.[2] United States v. $125,938.62, 370 F.3d 1325, 1328 (11th Cir. 2004) ("A verified claim is a sworn notice of claim and is essential to conferring statutory standing upon a claimant in a forfeiture action.") (citation and internal quotation marks omitted). The verified claim is not merely a procedural technicality; indeed, the purpose of the verified claim is two-fold: it "provides the government

---

[1] In order to contest a forfeiture, a claimant must first establish a "sufficient interest in the property to give him Article III standing; otherwise there is no 'case or controversy,' in the constitutional sense, capable of adjudication in the federal courts." Id. at 1543 (citations omitted). Although the Government contends that Claimant fails to establish both Article III and statutory standing, because the Court finds Claimant fails to establish statutory standing, it will not address the Government's contentions regarding Claimant's failure to satisfy Article III standing .

[2] 18 U.S.C. § 983(a)(4)(A) provides that, if the Government "files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims. . . ."

with timely notice of a claimant's interest in contesting the forfeiture and, [because it is] a sworn claim, [] deter[s] the filing of false claims." Id. (citation and internal quotation marks omitted). The claimant must file a verified claim within thirty days after service of the Complaint. 18 U.S.C. § 983(a)(4)(A); Fed. R. Civ. P. Supp. R. G(5). The answer must then be served twenty days after the filing of the verified claim. 18 U.S.C. § 983(a)(4)(B); Fed. R. Civ. P. Supp. R. G(5).

Here, the record supports the Government's contention that Claimant lacks statutory standing to contest this forfeiture action because Claimant failed to file a verified claim to the defendant property. The Government served Claimant with notice of the forfeiture action on November 15, 2006, in which he received copies of the Notice of Forfeiture, Verified Complaint for Forfeiture, Warrant of Arrest in Rem, Motion for Service by Publication, and Proposed Order for Publication. Accordingly, Claimant was required to file his verified claim to the defendant property on or before December 15, 2006–the date that was within thirty days after service of the Complaint. Instead, on December 27, 2006, Claimant filed his Answer. Although the Government notified Claimant's counsel of the requirement to file a verified claim *before* filing the Answer, after more than three months, Claimant has neither filed the required claim nor filed a request for an extension of time to file an out-of-time claim.

Claimant's Answer does not satisfy the statutory requirement to file a verified claim. The statute requires the answer to be filed within twenty days *after* the claimant files a verified claim. 18 U.S.C. 983(a)(4)(B). Filing a verified claim is "a prerequisite to the right to file an answer and defend on the merits." United States v. One Dairy Farm, 918 F.2d 310, 311 (1st Cir. 1990) (citing United States v. Fourteen Handguns, 524 F. Supp. 395, 397 (S.D. Tex. 1981)). A party

4

"who fails to file a [verified] claim normally lacks standing to contest a forfeiture." Id. (citing $38,000.00 in U.S. Currency, 816 F.2d at 1544-45). Filing a verified claim is an "essential element" due to "the substantial danger of false claims." United States v. 16 Parcels of Real Property, 320 F. Supp. 2d 1307, 1312 (S. D. Fla. 2003) (citing United States v. Commodity Account No. 549 54930, 219 F.3d 595, 597 (7th Cir. 2000)). "By requiring an oath or affirmation in the verification of a claim, the claimant places himself at risk for perjury for false claims." Id. at 1312-1313 (citation and internal quotation marks omitted). Because Claimant did not file a verified claim in this action and did not request an extension of time to file an out-of-time verified claim, his Answer will be stricken for lack of standing. See United States v. One 1999 Forty Seven Foot Fountain Motor Vessel, --- F.R.D. ---, 2007 WL 654385, *5 (S. D. Fla. Feb. 21, 2007) (claimant's answer stricken for lack of standing); United States v. One (1) 1979 Mercedes 450SE Vehicle, 651 F. Supp. 351, 353 (S.D. Fla. 1987) (court may grant motion to strike an answer which is not preceded by a properly filed claim).

## CONCLUSION

For the foregoing reasons, the Government's Motion to Strike Answer [Doc. 14] is hereby **GRANTED**, and the Government's Motion for Extension of Time to File Proposed Scheduling/Discovery Order [Doc. 17] is hereby **DENIED as moot**.

**SO ORDERED**, this 26th day of April, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH/ehe